IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALVIN RABURN,                           )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    No.  10 C 1920
                                        )
CONSUMER ADJUSTMENT COMPANY,            )
INC., etc.,                             )
                                        )
            Defendant.                  )

<u>MEMORANDUM ORDER</u>

What is this lawsuit doing here?  In the Complaint just filed on behalf of Tennessee citizen Alvin Raburn ("Raburn"), he charges Missouri corporation Consumer Adjustment Company, Inc. ("Consumer Adjustment") with violations of the Fair Debt Collection Practices Act by continuing to pursue him directly after it was notified that he was represented by counsel in connection with his debts.  In doing so, Consumer Adjustment assertedly ignored the letters sent to it at its St. Louis address by a Chicago law firm, Legal Advocates for Seniors and People with Disabilities.

Just as 28 U.S.C. §1404(a) does not include "convenience of counsel" as one of the specified considerations in deciding on a proposed change of venue, so the Chicago home base of the law firm that filed this action does not justify its having been brought here.  Although Consumer Adjustment may be licensed to do business here in Illinois (Complaint ¶5) and may be licensed as a collection agency here as well (Complaint ¶6), in this instance

its charged conduct (or misconduct) had nothing at all to do with this state--and if one of the letters from Raburn's counsel to Consumer Adjustment is accurate in describing itself as "a nationwide program of the Chicago Legal Clinic, Inc., a not-for-profit law office providing low-cost legal services to the public," it ought to pursue Consumer Adjustment either in Missouri (where the offending communications originated) or in Tennessee (where those communications impacted Raburn.

This matter is set for an initial status hearing at 9 a.m. April 9, 2010.  At that time Raburn's counsel should come prepared to explain why this lawsuit should remain here or, if not, the judicial district to which the case should be transferred.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 29, 2010